IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FRED W. RITCHEY                                                    PLAINTIFF

        V.                              NO.  16-3009

SOLOMON GRAVES, Director, Arkansas Parole Board;
JAMES L. WILSON, Revocation Hearing Officer;
TRAVIS FLOWERS, Parole Officer;
SHERIFF MIKE MOORE, Boone County Sheriff;
INVESTIGATOR MICHAEL EDDINGS and
INVESTIGATOR TONY SIMPSON, Boone County Sheriff's Office            DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        This is a civil rights action filed by the Plaintiff  pursuant to 42 U.S.C. § 1983.  The  case is before me for a determination of whether service of process should issue.  For the reasons stated below, it is my recommendation that no process be issued and that the complaint be dismissed.

**1.  Background**

        According to the complaint, the Plaintiff was arrested on a "white warrant" and subsequently, after a parole hearing, he was revoked off of parole and sentenced to the Arkansas Department of Correction.  According to the Plaintiff's complaint he was revoked as a result of the testimony of officer Eddings and Simpson because "both investigators lied about a warrant and criminal charges and Travis Flowers (parole officer) backed them up". Doc. 1, p. 10.   As relief, Plaintiff seeks to be returned to parole at the same status he was before the revocation and he wants the "wrong doers" prosecuted for perjury". Id., p. 12.

**2.  Discussion**.

        Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff seeks to proceed *in forma pauperis* (IFP).  Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

In *Heck v. Humphrey* the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under a§ 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.*"  Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994)

The Heck rule was applied by the 8th Circuit in 2007 which held that "Applying Heck, we agree with the district court that the favorable-termination rule bars Entzi's suit. If Entzi's challenge to the State's decision on sentence-reduction credits were to succeed, it "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487, 114 S.Ct. 2364. Therefore, the claim may be pursued only in an action for habeas corpus relief." *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007).  It is noteworthy that the Entzi case involved a parole violation on allegations of false testimony and is squarely on point with the Plaintiff's contentions.

The Plaintiff's assertions contest the validity of his revocation and his contention is that

he was illegally arrested and revoked.  Since the Plaintiff has failed to allege or show that his

revocation has been invalidated his claim under section 1983 cannot proceed.

### 3. Conclusion

Accordingly, I recommend that the complaint be dismissed as the claims asserted are

frivolous or fail to state claims upon which relief may be granted.   28 U.S.C. § 1915(e)(2)(B)(i-ii).

Dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g).  For this reason, the Clerk

should be directed to put a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact.  Plaintiff  is reminded**

**that objections must be both timely and specific to trigger de novo review by the district**

**court.**

IT IS SO ORDERED this February 10, 2016


/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
U.S. MAGISTRATE JUDGE