IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FRED W. RITCHEY                                                                                           PLAINTIFF

V.                             CASE NO. 3:16-CV-03009

SOLOMON GRAVES, Director, Arkansas Parole Board;
JAMES L. WILSON, Revocation Hearing Officer;
TRAVIS FLOWERS, Parole Officer;
SHERIFF MIKE MOORE, Boone County Sheriff;
INVESTIGATOR MICHAEL EDDINGS; and
INVESTIGATOR TONY SIMPSON, Boone County
Sheriff's Office                                                                                         DEFENDANTS

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 5) filed in this case on February 10, 2016, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, regarding Plaintiff Fred W. Ritchey's civil rights case submitted pursuant to 42 U.S.C. § 1983. The Magistrate Judge conducted a pre-service screening of the Complaint as per 28 U.S.C § 1915(e) and recommended that the case be dismissed due to frivolousness and/or failure to state claims upon which relief may be granted. In response, Mr. Ritchey, who is proceeding *pro se* and *in forma pauperis*, filed timely Objections to the R & R (Doc. 8), and the Court conducted a *de novo* review of the record in accordance with 28 U.S.C. § 636(b)(1)(c).

Mr. Ritchey's Complaint alleges he was arrested for violating parole on criminal charges that the arresting officers knew were "fraudulent." (Doc. 1, p. 8). He maintains that his parole officer then moved to revoke his parole status, and during a revocation hearing, Defendants Edding and Simpson "lied about a warrant and criminal charges and

1

[parole officer] Travis Flower[s] backed them up." *Id.* at p. 10. According to Mr. Ritchey, his parole status was wrongfully revoked, he was sentenced to prison, and his appeal to the Arkansas Board of Parole "received no response." *Id.* at p. 11.

In his Objections, Mr. Ritchey merely restates the allegations in his Complaint, arguing that his arrest was: (1) based on false charges, (2) "supported" by his parole officer, and (3) led to a hearing in which investigators offered false testimony against him, and "[t]he hearing judge circumvented the Arkansas Parole Boards [sic] own published guidelines and handed down a revocation with prejudice." (Doc. 8, p. 2). It is clear that Mr. Ritchey's Objections offer neither law nor fact that would cause this Court to deviate from the well-reasoned recommendation of the Magistrate Judge. Mr. Ritchey's claims are, therefore, *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under Heck, a state prisoner like Mr. Richey who seeks damages in a § 1983 lawsuit cannot succeed if doing so would necessarily imply the invalidity of his conviction or sentence. *Id.* Mr. Ritchey may only pursue his claim in an action for habeas relief.

For these reasons, Mr. Ritchey's Objections are overruled, and the R & R is **ADOPTED IN ITS ENTIRETY**. The Complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i-ii), and the Clerk of Court is **DIRECTED** to place a strike flag on the case.

**IT IS SO ORDERED** on this 9th day of May, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE